# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

**NICOLAS DE LA GARZA SALINAS**　　　　　　　　　　　　　　**PETITIONER**

**v.**　　　　　　　　　　　　　　**CIVIL ACTION NO.: 3:24-cv-662-KHJ-MTP**

**WARDEN, FEDERAL CORRECTIONAL
COMPLEX YAZOO CITY**　　　　　　　　　　　　　　**RESPONDENT**

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on Nicolas De La Garza Salinas's *pro se* Petition for Writ of Habeas Corpus [1] filed under 28 U.S.C. § 2241. Having considered the petition, the record, and the applicable law, the undersigned recommends that the Petition [1] be DENIED and that this matter be DISMISSED without prejudice.

## BACKGROUND

Petitioner is serving 84 months of incarceration for violating 21 U.S.C. §§ 952, 960, and 963. He is currently housed at the Federal Correctional Complex in Yazoo City, Mississippi, and is scheduled to be released on September 11, 2025. Petitioner filed the instant Petition [1], on October 22, 2024, challenging his sentence calculation. He alleges that the Federal Bureau of Prisons ("BOP") removed time credits he earned under the First Step Act[1] following the receipt of a "'supposed' Order of Deportation." [1] at 2.

Respondent filed a Response in Opposition [8] arguing that the Petition [1] should be dismissed because Petitioner failed to exhaust his administrative remedies prior to filing this

---

[1] *See* 18 U.S.C. § 3632. The First Step Act provides eligible inmates with opportunities to participate in and complete recidivism reduction programs or productive activities which offer the inmates potential reductions in their sentences.

action. Respondent also contends that Petitioner is not entitled to the application of any First Step Act credits because he is subject to a final order of removal.

On April 7, 2025, Petitioner filed a reply arguing that Respondent failed to prove the existence of a "final order of deportation signed by a judge." [10] at 1. As to exhaustion, Petitioner alleges that any effort would be futile. This matter is now ripe for review.

## ANALYSIS

Before seeking habeas relief under 28 U.S.C. § 2241, a federal inmate must exhaust the administrative remedies made available by the Federal BOP. *See Williams v. Willis,* 765 F. App'x 83 (5th Cir. 2019); *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994). "[P]roper exhaustion of administrative remedies is necessary," and the exhaustion requirement is not satisfied by "filing an untimely or otherwise procedurally defective grievance or appeal." *Woodford v. Ngo*, 548 U.S. 81, 83-84 (2006); *see also Herrera-Villatoro v. Driver*, 269 F. App'x, 372 (5th Cir. 2008). While there are exceptions to the exhaustion requirement that may be available "where the available administrative remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action," such exceptions "apply only in extraordinary circumstances." *Fuller*, 11 F.3d at 62 (internal citations and quotations omitted); *see also Broderick v. Chapman*, 364 F. App'x 111, 112 (5th Cir. 2010). A petitioner seeking waiver of the exhaustion requirement bears the burden of demonstrating the futility of administrative review. *See Mayberry v. Pettiford*, 74 F. App'x, 299 (5th Cir. 2003) (citing *Fuller*, 11 F.3d at 62)).

Respondent, citing 28 C.F.R. § 542.13 *et seq*., points out that the BOP has a multi-step administrative process for resolving prisoner complaints. *See* [8] at 3. Initially, an inmate must attempt to informally resolve the complaint with prison staff. Thereafter, the prisoner must

2

submit a request for administrative remedies to the warden. If the prisoner is dissatisfied with the warden's response, the prisoner may then appeal to the Regional Director. If the prisoner remains dissatisfied, he may proceed to the final step in the grievance process, an appeal to the BOP's Office of General Counsel. *See* 28 C.F.R. §§ 542.13-542.15.

Respondent argues that Petitioner failed to exhaust the administrative review process, and so, the Petition [1] should be denied. In support, Respondent submitted a declaration of Amy Landers, a Paralegal Specialist for the Consolidated Legal Center at the Federal Correctional Complex in Yazoo City. *See* [8-1]. According to Landers, Petitioner has not filed any administrative remedies regarding his request for review of his First Step Act eligibility or concerns. *Id*. at 2. Respondent also attached as "Exhibit B" a document stating that "NO REMEDY DATA EXISTS FOR THIS INMATE." *Id*. at 7.

As previously explained, prisoners are required to exhaust administrative remedies in a procedurally correct manner. And "[p]roper exhaustion" demands compliance with the agency's deadlines and other critical procedural rules. *Woodford*, 548 U.S. at 90-91. In this case, Petitioner never initiated the administrative review process. But he says that he should be excused from the exhaustion requirement. In doing so, Petitioner does not argue that the administrative review process is unavailable to him. Rather, he claims that any attempt at exhaustion would be futile. Having claimed futility, Petitioner bears the burden of demonstrating such extraordinary circumstances as would warrant waiver of the exhaustion requirement. *Mayberry*, 74 F. App'x at 299.

Seeking to justify his claim of futility, Petitioner says that he "was filed onto remove his ETC's 2 or 3 days before his release date, remedies because of timing would be a futile gesture.

3

It has been around 6 months since Petitioner filed § 2241 if he had waited for remedies he would now maybe (if lucky) would be starting his § 2241[.]" [10] at 2.

The fact that it takes time to exhaust administrative remedies does not excuse a prisoner from initiating and completing the process. Indeed, the United States Supreme Court has held that even inmates who may be entitled to immediate release must exhaust their administrative remedies. *Preiser v. Rodriguez*, 411 U.S. 475, 494-95 (1973). And the United States Supreme Court also noted that while exhaustion of remedies may take time, "there is no reason to assume that ... prison administrators ... will not act expeditiously." *Id.* Petitioner has thus failed to carry his burden of proving the futility of administrative review simply because the administrative process takes time.[2] *See Mayberry*, 74 F. App'x at 299 (finding "complaints regarding the length of the administrative appeals process … particularly unpersuasive" and affirming dismissal of § 2241 petition for failure to exhaust); *see also Callahan v. Young*, 2013 WL 3346842, at *2 (W.D. La. July 2, 2013) (holding that proper exhaustion was not excused by "the length of time that the administrative process would take").

As Petitioner has failed to properly exhaust his administrative remedies, his Petition [1] should be denied.[3] *See Gacia-Valera v. Withers*, 2024 WL 4706354, at *2 (S.D. Miss. Aug. 30, 2024) (dismissing petition based on First Step Act credit for failing to exhaust claim with the

---

[2] In any event, Petitioner never initiated the administrative review process and instead attempted to forgo the administrative review process by filing his claim directly in federal court. The BOP, however, should have an opportunity to first consider Petitioner's claim (and possible relief) before Petitioner's pursuit of his claim in this Court. *See Smith v. Thompson*, 937 F.2d 217, 219 (5th Cir. 1991).

[3] Because Petitioner has not exhausted his administrative remedies, the Court need not address Respondent's alternative arguments for dismissal. Nor should it. The other ground concerns whether Petitioner is subject to a final order of removal. Whether such an order exists or is otherwise in effect may be efficiently explored and addressed in the administrative remedy process.

4

BOP prior to filing federal habeas petition); *Banks v. Ma'at*, 2022 WL 4001038, at *2 (W.D. La. Aug. 5, 2022) (same).

## RECOMMENDATION

For the reasons set forth above, the undersigned recommends that the Petition for Writ of Habeas Corpus [1] be DENIED and that this action be DISMISSED without prejudice.

## NOTICE OF RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party, within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party. L.U. Civ. R. 72(a)(3). The District Judge at that time may accept, reject, or modify in whole or in part, the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

This the 9th day of April, 2025.

s/Michael T. Parker
United States Magistrate Judge