UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

NICOLAS DE LA GARZA SALINAS                                          PETITIONER

V.                                         CIVIL ACTION NO. 3:24-CV-662-KHJ-MTP

WARDEN, FEDERAL CORRECTIONAL                                         RESPONDENT
COMPLEX YAZOO CITY

ORDER

Before the Court is Magistrate Judge Michael T. Parker's [11] Report and Recommendation. The Court adopts the [11] Report. It thus denies pro se Petitioner Nicolas De La Garza Salinas's [1] Petition for Writ of Habeas Corpus and dismisses this action without prejudice.

In 2019, Salinas—an alien from Mexico—tried to enter the United States without a valid entry document. Order of Expedited Removal [8-1] at 8. Immigration officials caught him with more than 30 kilograms of liquid methamphetamine in his vehicle's gas tank. *See id.* at 8–9. In an expedited removal proceeding, an immigration officer "ordered [Salinas] removed from the United States." *Id.* at 8 (citing 8 U.S.C. § 1225(b)(1)). Salinas was then convicted of drug offenses and sentenced to 84 months of imprisonment. [1] at 1.

While incarcerated, Salinas earned a year's worth of First Step Act time credits. *Id.* at 2. But a few days before his anticipated release, Salinas says, "a 'supposed' Order of Deportation appeared . . . ." *Id.* Prison officials thus removed his time credits. *Id.*; *see also* 18 U.S.C. § 3632(d)(4)(E)(i) ("A prisoner is ineligible to

apply time credits under subparagraph (C) if the prisoner is the subject of a final order of removal under any provision of the immigration laws . . . .").

Salinas then filed this [1] Petition under Section 2241, seeking to restore his time credits. [1] at 1–4. Respondent moved to dismiss on exhaustion grounds, among others. Resp. [8] at 2–4. Salinas answered that exhaustion would be futile. Reply [10] at 2. Rejecting that futility argument, the [11] Report recommends denying the [1] Petition on exhaustion grounds. [11] at 2–5. Salinas did not timely object to the [11] Report. *See id.* at 5.

When no party objects to a Magistrate Judge's report, the Court need not review it de novo. *See* 28 U.S.C. § 636(b)(1). Instead, the Court can apply the clearly erroneous, abuse-of-discretion, and contrary-to-law standard of review. *See United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) (per curiam).

The [11] Report notified Salinas that failure to file written objections would bar further appeal in accordance with 28 U.S.C. § 636(b)(1). [11] at 5. Salinas did not object to the [11] Report, and the time to do so has passed. The Court finds that the [11] Report is not clearly erroneous, an abuse of discretion, or contrary to law. So the Court adopts the [11] Report as the opinion of this Court.

The Court has considered all arguments. Those not addressed would not have changed the outcome. For the stated reasons, the Court ADOPTS Magistrate Judge Michael T. Parker's [11] Report and Recommendation, DENIES Salinas's [1] Petition for Writ of Habeas Corpus, and DISMISSES this action without prejudice. The Court will enter a separate final judgment consistent with this Order.

SO ORDERED, this 5th day of May, 2025.

s/ *Kristi H. Johnson*<br>UNITED STATES DISTRICT JUDGE